McClintock *et al. v.* Theiss.

---

No. 8285.

McClintock et al. *v.* Theiss.

Practice.—*Appeal.*—*Supreme Court.*—Under the act of March 14th, 1877, Acts 1877, Spec. Sess., p. 59, amending section 561 of the practice act, an appeal to the Supreme Court must be taken within one year from the time judgment is rendered.

Same.—*Venire de Novo.*—A motion for a *venire de novo* is proper only when there is some defect in the verdict of the jury or the finding of the court, and must be made before judgment.

From the Elkhart Circuit Court.

*J. M. Vanfleet,* for appellants.

Franklin, C.—On the 25th day of September, 1876, appellee sued appellants in the Elkhart Circuit Court, alleging that he and one McClintock had been partners in the butcher business ; that said firm was indebted to him in the sum of $350 ; that said McClintock owed said firm $1,052 ; that McClintock had wrongfully disposed of $1,431.25 of the part-

nership assets, and had fraudulently sold a part thereof to said appellant Waisner; that there was only $320 of the partnership assets left, and that appellants were threatening to dispose of that. He prayed for a restraining order and an injunction against both of appellants, and a judgment against McClintock for his claim. McClintock answered by a general denial and a special paragraph, closing by asking for the appointment of a receiver. A restraining order was granted until the application for an injunction could be heard. Appellee replied by a general denial. On the 30th of September, 1876, a hearing was had upon the injunction proceeding, and the court found that the allegations in the complaint were true, and ordered the restraining order to be continued in force as an injunction, against both of said appellants.

At the May term, 1877, a trial was had before the court, as to the accounts between the partners, and the court found for appellee against appellant McClintock, in the sum of $303.40, and rendered judgment therefor.

At the September term, 1877, the receiver filed his report, he having been appointed by the agreement of the parties.

At the May term, 1878, the receiver filed his second report, and on the 16th day of September, 1878, appellants filed exceptions to said report. Exceptions overruled, and excepted to. On the 16th day of November, 1878, said appellants filed a motion for a *venire de novo*, which was overruled, and excepted to. On the 16th day of October, 1879, the receiver filed his final report, to which no exceptions were filed. The report was approved, and the receiver discharged.

The record in this cause was filed in this court November 10th, 1879. This record was made up under the 347th section of the code, and the 348th section provides that "The party excepting may take the reserved question to the Supreme Court by appeal, at any time within one year after final judgment in the cause, and not afterwards."

The errors assigned are:

"1st. The complaint does not state facts sufficient to constitute a cause of action against either appellant.

"2d. The court erred in overruling the motion for a *venire facias de novo.*

"3d. The court erred in overruling the appellants' objection to the report of the receiver.

"4th. The court erred in taxing all the costs to the appellant McClintock." This error is assigned by said McClintock separately.

"5th. The court erred in ordering the receiver to pay the balance in his hands, of $172.02, to the appellee, Theiss.

"6th. The court erred in confirming so much of said report as showed the sum of $606.22 paid to appellee, Theiss.

"7th. The court erred in refusing to hear evidence and determine to whom said moneys should be paid."

' The act passed March 14th, 1877, which went into force July 2d, 1877, amended section 561, and provided that "Appeals in all cases hereafter tried must be taken within one year from the time the judgment is rendered; in all cases, heretofore tried, must be taken within one year from the time this act takes effect."

Under these statutory provisions, there is but a small portion of this record properly before this court. There had been a final judgment given against both of appellants in regard to the charges of fraud, as contained in the complaint, on the 30th day of September, 1876, in the injunction proceeding, and against appellant McClintock, on appellee's claim, at the May term, 1877. And, as to the exceptions to the report of the receiver, they were overruled and excepted to, on the 16th day of September, 1878. All of which are to be excluded from having any effect in this appeal, none of them having occurred within one year prior to the appeal being taken.

The final report of the receiver, its approval, and his dis-

charge occurred within the year. But no objections were made, or exceptions taken, to either of these; and they present no question for decision.

The only question in the record as to what occurred within a year prior to the appeal is the overruling of the motion for a *venire de novo.* And as to what appellants, counsel expected that to apply, it is difficult to determine. This motion can only be made in relation to defects in the verdict of a jury or a finding of the court, and must be made before judgment. At the time it was made, there was no verdict of a jury or finding of the court pending, upon which a judgment was afterward rendered. The motion presented no question to the court, and no error was committed in overruling it. *Shaw* v. *The Merchants Nat'l Bank*, 60 Ind. 83.

We find no error in the record.

Per Curiam.—It is therefore ordered, on the foregoing opinion, that the judgment below be, and it is hereby, in all things affirmed, at appellants' costs.