Deatty *et al. v.* Shirley *et al.*

No. 8658.

DEATTY ET AL. *v.* SHIRLEY ET AL.

PRACTICE.—*Venire de Novo.*—The motion for a *venire de novo* must be made before judgment, and the record should show for what defects in the verdict it was made.

SAME.—*Special Interrogatories.*—The motion for a *venire de novo* is not the remedy for the failure of the jury to answer special interrogatories.

From the Boone Circuit Court.

*S. Claypool, H. C. Newcomb* and *W. A. Ketcham*, for appellants.

WOODS, J.—Complaint in two paragraphs, the first to declare certain conveyances of real estate to be fraudulent, and the second to declare the same to be mortgages. The appellants, who were the defendants below, claim error in the overruling of their motions for a *venire de novo* and for a new trial.

The motion for a new *venire* was not made until after judgment had been entered. The motion itself specifies no objection to the verdict. The record fails to show that any defect was pointed out to the court at the hearing. The objection made here, namely, that certain special interrogatories were not properly answered, is not available, for two reasons: It was not pointed out before the discharge of the jury, and the remedy is not by a motion for a *venire de novo*. *West* v. *Cavins*, 74 Ind. 265; *Byram* v. *Galbraith*, 75 Ind. 134; *McClintock* v. *Theiss*, 74 Ind. 200; *Shaw* v. *Merchants National Bank*, 60 Ind. 83.

We can not disturb the verdict for want of evidence. There is both direct and circumstantial evidence of the fraudulent intent charged in the first paragraph of the complaint.

Judgment affirmed, with costs.