## KUNKLE v. ABELL ET AL.

[No. 20,891.   Filed December 11, 1906.]

1. CONSTITUTIONAL LAW.—*Intoxicating Liquors.—License.—Remonstrance.*—The act of 1905 (Acts 1905, p. 7, §7283i Burns 1905), providing for the prevention of the granting of a license in townships or city wards by the filing of a remonstrance by a majority of the voters of such townships or city wards, is constitutional. *Cain* v. *Allen*, 168 Ind. —, followed. p. 436.

2. STATUTES.—*Reënactment of, after Judicial Construction.—Presumptions.*—The reënactment of a provision in an act, after a judicial construction has been given thereto, raises a presumption that the legislature intended the reënacted provision to receive the same construction as the prior one.   p. 437.

3. SAME.—*Intoxicating Liquors.—Remonstrance.—Number of Voters.—How Determined.*—The act of 1905 (Acts 1905, p. 7, §7283i Burns 1905), providing that the number of voters necessary to a successful remonstrance against the granting of a license to retail intoxicating liquors shall be a majority of the aggregate number of votes cast for any of the candidates "for any office at the last election preceding the filing of such remonstrance," refers to the last preceding general and not special election.   p. 438.

4. SAME.—*Intoxicating Liquors.—Remonstrance.—Number of Voters Required.*—Under §7283i Burns 1905, Acts 1905, p. 7, the number of remonstrants necessary successfully to oppose the granting of a license to retail intoxicating liquors consists of the majority of the aggregate votes received by all candidates for any office voted for at the last general election held in the township or city ward.   p. 438.

5. INTOXICATING LIQUORS. — *License.* — *Application.* — *Remonstrance.*—*Practice.*—An applicant for a license to retail intoxicating liquors is entitled to a trial as to the sufficiency of his application and as to the validity of a remonstrance filed against the granting of such license, though such remonstrance was filed at a previous term of the commissioners' court and by them adjudged sufficient to bar all applicants. p. 440.

From Pike Circuit Court; *E. A. Ely,* Judge.

Application by John E. Kunkle, against which Theodore Abell and others remonstrate. From a judgment for remonstrators, the applicant appeals. *Reversed.*

*E. P. Richardson* and *A. H. Taylor,* for appellant.

*Samuel E. Dillin, J. W. Brumfield* and *Frank Ely,* for appellees.

JORDAN, J.—This proceeding was instituted by appellant's applying to the board of commissioners of Pike county, Indiana, at its regular October session, 1905, for a license to sell intoxicating liquors in the town of Petersburg, Washington township, in said county. It is disclosed that three days before the beginning of the June session, 1905, of the board of commissioners of said county, a general remonstrance under section nine of the Nicholson law, as amended by the act of 1905 (Acts 1905, p. 7, §7283i Burns 1905), purporting to be signed by a majority of the legal voters of the township, was filed with the county auditor. This remonstrance was against granting a license to any and all persons to sell intoxicating liquors in said township. At said June session the board of commissioners, in the absence of the making of any application at that session for a license to sell intoxicating liquors in said township, assumed jurisdiction over the remonstrance in question, and thereupon adjudged that it had been seasonably filed, and at the time of its filing had been signed by a majority of the legal voters of Washington township. It is also disclosed that a remonstrance against appellant, as authorized by §7278 Burns 1901, §5314 R.

S. 1881, alleging his unfitness to be intrusted with a license to sell intoxicating liquors, was filed at the October term, 1905, of the board of commissioners, but there is nothing in the record to show that it was given any consideration. Appellant's application herein for a license was at said October session, 1905, denied by the board of commissioners, solely upon the grounds that the filing of the general remonstrance in question, and the judgment of the board entered thereon at the June session, 1905, deprived the board of all jurisdiction in the matter of an application for license thereafter made. From this decision appellant appealed to the Pike Circuit Court. The latter court appears to have concurred in the ruling of the board of commissioners, and upon the same grounds held and adjudged that the application be dismissed, and that appellant take nothing by his proceedings, and rendered judgment against him for costs. From this judgment he has appealed to this court, and under his assignment of errors calls in question the ruling of the court in dismissing his application. He also assails the constitutional validity of the amendatory act of 1905, *supra,* and asks that under the facts in this case the meaning of the phrase or provision therein, "at the last election preceding the filing of such remonstrance," be construed.

The constitutional validity of the act in question and the right of the board of commissioners, under the circumstances, to assume jurisdiction over the remonstrance at its June session, 1905, were questions which were considered and determined in the appeal of *Cain* v. *Allen* (1907), 168 Ind. —, and the holding therein upon these questions must rule in the case at bar. It appears from the facts herein that on May 20, 1905, a special election was held in the first congressional district, of which Pike county forms a part, for the election of a congressman to fill a vacancy which had occurred since the general election in 1904. The greatest aggregate vote cast

at said special election in Washington township, in said county, for the candidates for the office of representative in the congress of the United States for said district was 813. It is disclosed that at the general November election, 1904, the greatest aggregate vote cast in said township for candidates for any office was for the several candidates for Governor, and amounted to 1,161 votes. The remonstrance, as shown, was signed at the time of its filing by 439 persons, who purported to be legal voters. It is apparent that this number was a majority of 813, the greatest aggregate vote cast in said township at said special election for candidates for congress, but it falls short of being a majority of 1,161, the greatest aggregate vote cast at the general November election in 1904 for all of the candidates for Governor. Counsel for appellant, under the circumstances, insist that under section nine as amended the 1,161 votes is the standard by which the number of voters necessary to sign the remonstrance must be measured or tested. Counsel for appellees, however, contend that the election referred to in section nine as amended means any election, either general or special, at which some public officer or officers are to be elected. It is evident, therefore, that under the facts and contention of the respective counsel the question is involved in regard to the interpretation of the meaning of the phrase or provision "at the last election preceding the filing of such remonstrance." This same phrase was contained in section nine as it originally stood, and, prior to its amendment by the act of 1905, *supra,* had been construed by this court in the appeal of *Massey* v. *Dunlap* (1896), 146 Ind. 350, 357.

In the latter case, in placing a construction or interpretation on the provision "at the last election preceding the filing of such remonstrance," we held that in a case where an application was made for license to sell intoxicating liquors at some designated place in a township beyond the limits of an incorporated city there-

in, the election meant and intended by the legislature was the last general November election preceding the filing of the remonstrance; that in case of an application to sell in a city ward, then the election meant or contemplated was the last general city election preceding the filing of the remonstrance. The rule is well settled that where a statute, or any part thereof, has been construed or interpreted by the courts of a state, and is thereafter reënacted by its legislature in the same terms, or in substantially the same language, for the same purpose and object, it will be presumed that the legislature intended that the law so reënacted should bear the same interpretation or construction as was accorded by the court to the statute, or provision thereof, as the same stood prior to the time it was reënacted, unless the contrary is clearly disclosed by the language of the statute. *Hilliker* v. *Citizens St. R. Co.* (1899), 152 Ind. 86; *Board, etc.,* v. *Conner* (1900), 155 Ind. 484, and authorities cited; *Cain* v. *Allen, supra.*

Guided by this well-recognized canon of interpretation, we must presume, nothing to the contrary appearing, that the legislature, by inserting and reënacting under 3. the amendatory act of 1905, *supra,* the phrase or provision "at the last election preceding the filing of such remonstrance," intended that it should bear the same interpretation or construction given to it by this court in the decision of *Massey* v. *Dunlap, supra.* Therefore the provision in question cannot be construed to include some special election, but must be confined to a general election, as held in the latter decision.

It will be observed that by the amendatory act in question the word "greatest" was inserted before "aggregate" and the word "any" was substituted for "highest," 4. thereby making this part of the section as amended read: "The greatest aggregate vote cast in such township or ward for the candidates for any office," instead of "the aggregate vote cast in such township or city ward

for the candidates for the highest office," as contained in the section as originally passed by the legislature. Consequently thereunder the standard now prescribed by which the number of voters required to sign a remonstrance in a township must be tested or measured is a majority of the greatest aggregate vote cast for all candidates for any particular office at the last preceding general November election. Where an application is made for a license to sell in a township outside of an incorporated city therein, the test under the section as amended is not now confined alone to the aggregate vote cast at said general election for all the candidates for Governor or Secretary of State, as the case might be—as held in *Massey* v. *Dunlap, supra*—but the test must be the greatest aggregate vote cast for all candidates for any office, regardless of the rank of such office. The vote cast for candidates upon the state ticket is not alone to be the test; but if the greatest aggregate vote cast at the election is for candidates upon either the state, county, or township ticket, such vote, under the circumstances, must be the test or standard by which the required number of voters must be measured. The same test must control in the event the remonstrance filed is a special one against some particular applicant.

In case a general remonstrance is filed against the granting of a license to any person to sell intoxicating liquors in some particular ward of a city, then the number of legal voters who must sign such remonstrance, under the statute as amended, in order to make it effective, must at least constitute a majority of the greatest aggregate or combined vote cast in such ward for all candidates for any city office, regardless of the rank of such office, at the last general city election held preceding the filing of the remonstrance. If the remonstrance be a special one against granting a license to some particular applicant to sell intoxicating liquors in such ward, the required number of remonstrators must be determined or tested by the same standard. It follows,

under the circumstances, that the trial court erred in dismissing appellant's application without according him a hearing in such proceeding. *Cain v. Allen, supra.* If, upon another trial, the court, upon the evidence, finds that the general remonstrance in controversy was not signed by the required number of legal voters at the time of its filing, then such remonstrance, so far at least as it concerns appellant in this case, will be of no effect, and the court can then proceed to examine and determine whether appellant had given the required notice of his intention to apply for a license. If he has, a hearing or trial should be had under his application in regard to his fitness to be intrusted with a license for the sale of intoxicating liquors at the place where he desires to sell, and also a hearing should be accorded the remonstrators, in the event they desire to press the same, upon their remonstrance filed before the board under the authority of §7278 Burns 1901, §5314 R. S. 1881. *Castle v. Bell* (1896), 145 Ind. 8; *Ludwig v. Cory* (1902), 158 Ind. 582.

For the error of the trial court in dismissing the application its judgment is reversed, and the cause remanded, with instructions to reinstate the case upon the docket, and for further proceedings not inconsistent with this opinion and the decision in *Cain v. Allen, supra.*