## MILLER ET AL. *v.* GIVENS.

[No. 6,125.   Filed March 13, 1908.]

1. INTOXICATING LIQUORS.—*License.—Remonstrances.—Townships. —City Wards.*—Under §8332 Burns 1908, Acts 1907, p. 5, providing that a majority of the legal voters "of any township or ward in any city" may remonstrate against the granting of a license, the inhabitants of a township containing a city, cannot remonstrate against the granting of a license to retail intoxicating liquors in a ward of such city.   p. 402.
2. STATUTES.—*Judicial Construction.—Reënactment.*—Where a statute has been judicially interpreted, a reënactment of such statute is presumptively impressed with such interpretation.   p. 402.

From Jay Circuit Court; *John F. La Follette,* Judge.

Petition by James Givens for license to retail intoxicating liquors, against which Freeman Miller and others remonstrate. From a judgment for petitioner, remonstrants appeal.   (On motion for leave to amend assignment of errors, see 39 Ind. App. 40.)   *Affirmed.*

*S. W. Haynes* and *J. F. Lewis,* for appellants.
*Frank H. Snyder* and *Whitney E. Smith,* for appellee.

MYERS, J.—At the June session, 1905, of the Board of Commissioners of the County of Jay, appellee was an applicant for a license to sell at retail intoxicating liquors in the second ward of the city of Dunkirk.   On June 2, 1905, and three days before said session, appellants and others filed with the auditor of said county a remonstrance against all such applicants, as authorized by the act of 1895 (Acts 1895, p. 248, §9), as amended by the acts of 1905 (Acts 1905, p. 7, §8332 Burns 1908), purporting to be signed by a majority of the legal voters of Richland township in said county and the township in which said city is located.   Upon the

hearing of said remonstrance said board found that a majority of the legal voters of said township had signed said remonstrance, and on June 12, 1905, rendered judgment in accordance with said finding, and by virtue thereof refused to grant appellee a license. Appellee thereupon took an appeal to the Jay Circuit Court, where such proceedings were had that judgment was rendered granting appellee a license, and for a reversal of that judgment this appeal is prosecuted.

The only question presented for our decision is, does the law authorize a majority of the legal voters of a township to prevent by a remonstrance the granting of a license to any and all applicants to sell liquor in a ward in a city located in the township? The Supreme Court, in passing on the question of the right of the legal voters of a township to prohibit by remonstrance the sale of intoxicating liquors within the boundaries of a ward in an incorporated city under §8332, *supra,* as originally enacted, ruled that only the voters of the ward of the city in which the applicant desired to conduct his saloon were entitled to remonstrate. *Massey* v. *Dunlap* (1896), 146 Ind. 350.

The language of that section—"a remonstrance in writing, signed by a majority of the legal voters of any township or ward in any city"—thus construed and interpreted, was reënacted and retained by the legislature in the amended section, and, under the settled rules of statutory construction, "it will be presumed that the legislature intended that the law so reënacted should bear the same interpretation or construction" given it by the courts of this State at the time of its reënactment, and that the legislature adopted such construction, "unless the contrary is clearly shown by the language of the act." *Kunkle* v. *Abell* (1906), 167 Ind. 434; *Board, etc.,* v. *Conner* (1900), 155 Ind. 484; *Desgain* v. *Wessner* (1903), 161 Ind. 205; *National Supply Co.* v. *Stranahan* (1904), 161 Ind. 602. There is not a provision or word in the amended act from which we can say

that it was the purpose of the legislature to repudiate the interpretation placed upon the language reënacted in the amended section, and under the authority of *Kunkle* v. *Abell, supra,* and *Cain* v. *Allen* (1907), 168 Ind. 8, the judgment in this case must be affirmed.

Judgment affirmed.