# SMITH *v.* BIESIADA ET AL.

[No. 21,456. Filed February 25, 1910. Rehearing denied April 20,
1910.]

1. DRAINS.—*Procedure.*—*Motions for New Trial.*—Although the
procedure to establish drains is special, where remonstrances are
filed raising issues of fact, motions for a new trial are allowable.
pp. 137, 138.

2. STATUTES.—*Reënactment.*—*Construction.*—A statute reënacted
after being judicially construed is impressed with such construc-
tion. p. 137.

3. APPEAL.—*Final Judgment.*—*Drains.*—*Statutes.*—*New Trial.*—
Under §6143 Burns 1908, Acts 1907 p. 508, §4, providing that
"the order of the court approving and confirming the assess-
ments, and declaring the proposed work of drainage established
shall be final and conclusive, unless an appeal * * * be taken
and an appeal bond [be] filed within thirty days," an appeal
filed on April 30, from a drainage judgment rendered on January
2, a motion for a new trial being filed on January 9, and over-
ruled on March 1, and appeal bond filed March 11, is properly
taken, since the time for filing an appeal bond does not begin to
run until the date of the overruling of the motion for a new trial,
at which time the court may fix a time, not exceeding 30 days,
within which such bond may be filed. p. 138.

4. DRAINS.—*Remonstrances.*—*Time for Filing.*—*Striking out.*—An
amended drainage remonstrance filed after the expiration of the

statutory time for the filing of remonstrances may be stricken out on motion. p. 138.

5. APPEAL.—*Presentation of Error by Record.—New Trial.—Insufficient Evidence.—Contrary to Law.*—Specifications in the motion for a new trial that the decision is not sustained by sufficient evidence, and that it is contrary to law, cannot be considered, on appeal, where the evidence is not in the record. p. 139.

6. TRIAL.—*Motions to Dismiss.—Time for Filing.*—A motion to dismiss, filed after the rendition of judgment and the overruling of a motion for a new trial, cannot be considered. p. 139.

7. TRIAL.—*Motions for Venire de novo.—Time for Filing.*—A motion for a *venire de novo* must be made before judgment is rendered. p. 139.

8. JUDGMENT.—*Motion in Arrest.—Time for Filing.*—A motion in arrest of judgment must be filed before the rendition of judgment. p. 139.

9. DRAINS.—*Costs.—Taxing of.—Discretion of Court.*—An order of the court in a drainage case, taxing the costs against petitioners for costs incurred in their unsuccessful contest of certain grounds of remonstrance, and against remonstrant for costs incurred in an unsuccessful contest to prove other grounds of remonstrance, and taxing other costs to the expense of the construction of the drain, will not be disturbed. p. 140.

10. APPEAL.—*Rules.—Oral Arguments.*—An application for an oral argument, not filed within the time prescribed by the rules of the Supreme Court, may be denied. p. 140.

From Superior Court of Allen County; *Owen N. Heaton,* Judge.

Drainage petition by Antoni Biesiada and others, against which William Smith remonstrates. From a judgment for petitioners, remonstrant appeals. *Affirmed.*

*James M. Robinson, Martin H. Luecke* and *Walpole G. Colerick,* for appellant.

*Ballou & Hoffman,* for appellees.

MONTGOMERY, J.—Appellees petitioned for the construction of a public drain under section two of the act of March 11, 1907 (Acts 1907 p. 508, §6141 Burns 1908). The matter was duly referred to the drainage commissioners, who made and filed their report therein on July 15, 1908. In this report it was found that the proposed drain was practicable, that its construction would improve the public

health, benefit certain highways, be of public utility, that it would be sufficient to drain properly the lands affected thereby, that appellant's land would be benefited and should be assessed therefor in the sum of $44. On the same day appellant filed a remonstrance against this report upon each and all the statutory grounds of remonstrance. Two days later appellant filed what is styled a supplemental remonstrance, and on September 29, 1908, with leave of court, he filed an amended remonstrance, which, upon motion of appellees, was subsequently stricken out. A trial by the court resulted in a finding in favor of appellant as to the second, third, fourth, fifth, sixth and seventh statutory grounds, and in favor of appellees as to the first and eighth causes of remonstrance; no finding being announced as to the ninth and tenth grounds of appellant's remonstrance. Upon this finding, judgment was rendered, whereby the report of the drainage commissioners was modified, by eliminating the benefits assessed against appellant's lands and awarding him $200 damages. The assessment of benefits against other parcels of lands was reapportioned accordingly. It was further adjudged that appellees pay all costs occasioned by the second, third, fourth, fifth, sixth and seventh grounds of remonstrance, the cost of giving notice of the pendency and of the docketing of the petition; that appellant pay costs occasioned by the first and eighth causes of his remonstrance, and that all other costs be paid as part of the expenses of the construction of the drain.

We are confronted, first, with a motion by appellees to dismiss this appeal, for the reason that the judgment fixing and confirming the assessments of benefits and damages, and declaring the drain established, was rendered January 2, 1909, and no bond for appeal was filed until March 11, 1909. It appears from the record that on January 2 the judgment was rendered, on January 9 appellant's motion for a new trial was filed, and on March 1 a new trial was denied, and an appeal prayed, and granted upon the filing of a stipu-

lated bond within ten days. The required bond was filed and approved on March 11, and the record on appeal was filed April 30, 1909. The statute provides that "the order of the court approving and confirming the assessments, and declaring the proposed work of drainage established shall be final and conclusive, unless an appeal therefrom to the Supreme Court be taken and an appeal bond filed within thirty days, to the approval of the court or the clerk in vacation." §6143 Burns 1908, Acts 1907 p. 508, §4. It is manifest that the appeal bond was not filed within thirty days of January 2, 1909. Appellees' insistence is, that no motion for a new trial is authorized under this statute, and that the judgment cannot be set aside by the trial court on motion, but is final and conclusive, unless an appeal therefrom is taken to this court and the appeal bond filed within thirty days.

Proceedings to establish public drains are in a sense special; but in the case of *Neff* v. *Reed* (1884), 98 Ind. 341, 345, it was held that as to questions of fact, tried

1. upon issues raised by remonstrances to the report of the commissioners of drainage, a motion for a new trial is allowable, as in ordinary cases. The essential features of the drainage law then under consideration have been reënacted in the present drainage laws. It is a well-settled rule that when the legislature reënacts a stat-

2. ute of the State, it adopts also the construction given to such statute by the courts of the State before such reënacment. *Hilliker* v. *Citizens St. R. Co.* (1899), 152 Ind. 86; *Board, etc.,* v. *Conner* (1900), 155 Ind. 484; *Thacker* v. *Chicago, etc., R. Co.* (1902), 159 Ind. 82, 59 L. R. A. 792; *Sieler* v. *State, ex rel.* (1903), 160 Ind. 605; *State, ex rel.,* v. *Board, etc.* (1906), 166 Ind. 162; *Kunkle* v. *Abell* (1906), 167 Ind. 434; *Cain* v. *Allen* (1907), 168 Ind. 8.

The right to file a motion for a new trial in ditch proceedings has been recognized or declared in other cases. *Me-*

randa v. Spurlin (1885), 100 Ind. 380; Bass v. Elliott (1886), 105 Ind. 517; Racer v. Baker (1888), 113 Ind. 177; Baltimore, etc., R. Co. v. Ketring (1890), 122 Ind. 5; Goodrich v. Stangland (1900), 155 Ind. 279; Hart v. Scott (1907), 168 Ind. 530; Clarkson v. Wood (1907), 168 Ind. 582.

It has repeatedly been held, in construing this section, that time does not begin to run until the date of the overruling of a motion for a new trial. Joyce v. Dickey (1885), 104 Ind. 183; New York, etc., R. Co. v. Doane (1886), 105 Ind. 92; Wheeler v. Barr (1893), 6 Ind. App. 530; Moon v. Cline (1895), 11 Ind. App. 460.

Our conclusion, therefore, is, that a motion for a new trial is allowable under this statute; and that upon overruling said motion the court may fix a time, not exceeding thirty days from that date, within which an appeal bond may be filed. It follows that appellant's appeal bond was filed within the time authorized by law and prescribed by the court, and appellees' motion to dismiss this appeal is overruled.

Appellant has assigned the following errors: (1) Striking out his amended remonstrance; (2) overruling his motions (a) for a new trial, (b) to dismiss the proceeding, (c) for a venire de novo, (d) in arrest of judgment, (e) to modify the judgment; (3) rendering the judgment establishing the drain.

Appellant's so-called amended remonstrance was not filed until long after the expiration of the time fixed by statute within which such remonstrance must be filed. Appellant is seeking to avail himself of a statutory right, and he must bring himself within the terms of the law which confers the right. A remonstrance cannot be filed after the time allowed therefor by law has expired, and if so filed may be stricken out by the court at any time. Morgan Civil Tp. v. Hunt (1886), 104 Ind. 590; Gilbert v. Hall (1888), 115 Ind. 549; Clarkson v. Wood (1907), 168 Ind.

582; *City of Peru* v. *Cox* (1909), 173 Ind. 241. We may add that appellant was plainly not harmed by this ruling, as he had the benefit of his original remonstrance, which covered all the statutory grounds.

The following are the grounds of appellant's motion for a new trial: (1) That the decision of the court is not sustained by sufficient evidence; (2) that the decision of the court is contrary to law; (3) that the court improperly sustained appellees' motion to strike out appellant's amended remonstrance; and, that by the striking out of such remonstrance appellant was prevented from having a fair trial.

The evidence has not been brought up with this appeal, and we cannot, in its absence, consider the first two of such causes. The latter grounds, if properly included in the motion for a new trial, have been shown to be without merit.

The motions to dismiss, for a *venire de novo*, in arrest of judgment and to modify the judgment, were all made after the judgment establishing the drain had been rendered, and the motion for a new trial overruled. It is very clear that the court could not then entertain a motion to dismiss the cause.

A motion for a *venire de novo* must be made before judgment is rendered on the verdict or finding. 2 Elliott, Gen. Prac. §985; *Shaw* v. *Merchants Nat. Bank* (1877), 60 Ind. 83; *McClintock* v. *Theiss* (1881), 74 Ind. 200; *Deatly* v. *Shirley* (1882), 83 Ind. 218; *Potter* v. *McCormack* (1891), 127 Ind. 439; *Bennett* v. *Simon* (1899), 152 Ind. 490; *Sloan* v. *Lick Creek, etc., Gravel Road Co.* (1893), 6 Ind. App. 584; *Cannon* v. *Castleman* (1900), 24 Ind. App. 188; *McCaslin* v. *State* (1906), 38 Ind. App. 184.

A motion in arrest of judgment must be made before rendition of the judgment sought to be arrested. *Train* v. *Gridley* (1871), 36 Ind. 241; *Hilligoss* v. *Pittsburgh, etc., R. Co.* (1872), 40 Ind. 112; *Brownlee* v. *Hare* (1878), 64 Ind. 311; *Eastes* v. *Eastes* (1881), 79 Ind.

363; *Potter* v. *McCormack, supra; Smith* v. *State, ex rel.*
(1894), 140 Ind. 343; *Bayless* v. *Jones* (1894), 10 Ind. App.
102.

It follows that the court did not err in overruling these
motions.

Appellant moved that the court modify the judgment, by
taxing all costs made by appellant or occasioned by his re-
monstrance against the petitioners. The court, as
before shown, rendered judgment for costs in favor
of appellant as to all the issues upon which he suc-
ceeded, and in favor of appellees as to issues upon which
they were successful, and charged certain general items
as expense incident to the establishment and construc-
tion of the drain. This order was fair and just, and appel-
lant's motion to modify the judgment was correctly over-
ruled. *Zigler* v. *Menges* (1889), 121 Ind. 99, 16
Am. St. 357. Appellees' application for oral argu-
ment was not filed within the time prescribed, and
for that reason was not granted.

No error appears in the record. The judgment is af-
firmed.