STATE EX REL. MATHENY ET AL. *v.* PROBATE COURT OF MARION COUNTY, WOOD, JUDGE.

[No. 29,763. Filed June 5, 1959.]

*Willis K. Kunz, Halbert W. Kunz, Kunz & Kunz, Paul R. Summers, Grace M. Curry* and *Bingham, Summers & Spilman,* all of Indianapolis, for relators.

*Harry L. Gause* and *Armstrong, Gause, Hudson & Kightlinger,* of Indianapolis, for respondents.

JACKSON, J.—This case is here on a Petition for Writ of Prohibition seeking to prevent the Probate Court of Marion County, Indiana, and Joseph G. Wood, the Judge thereof, from proceeding further or exercising juris-

diction in cause No. 5206 on the records of said court until the further order of this court, and that said Probate Court of Marion County, Indiana, and Joseph G. Wood, Judge thereof, show cause why the temporary writ of prohibition heretofore issued herein should not be made permanent.

To the Temporary Writ of Prohibition the respondents filed their reply, and on the issues thus formed this matter is now before us for determination.

The facts here in issue are summarized briefly as follows:

1. On December 29, 1956, Frank R. Smith was deceased.

2. On January 2, 1957, the will of the deceased was admitted to probate and Harry Matheny appointed executor and Margaret Leser appointed co-personal representative; bond was given and approved.

3. On January 4, 1957, first notice of administration in estate of decedent, Frank R. Smith, was given by publication.

4. On June 26, 1957, Margaret May (Smith) Griffin filed suit to contest the will of decedent, Frank R. Smith, but failed to make Winifred Matheny, who was one of the beneficiaries under the will, a party to the action.

5. On July 1, 1957, first publication of notice to Harry Matheny and Harry Matheny, executor of the pretended last will and testament of Frank R. Smith, of complaint to contest will, was had in The Indianapolis Commercial.

6. On July 8, 1957, relators entered their special appearance "for questioning the jurisdiction of the Court."

7. On December 10, 1957, the relators, Harry Matheny, individually and separately, as executor of the

last will and testament of Frank R. Smith, deceased, and Margaret Leser, individually and separately as co-personal representative of the estate of Frank R. Smith, with the pretended will annexed, filed Plea to Abate and Stay Action on the ground that the court was without jurisdiction in the will contest because of the failure to make Winifred Matheny a party to the action.

8. On January 20, 1958, the plaintiff in the will contest filed her motion in the Probate Court of Marion County, Indiana, to make Winifred Matheny a new party defendant.

9. On January 22, 1958, said court entered its order making Winifred Matheny a new party defendant, and an amended complaint was filed naming Winifred Matheny a defendant in such complaint, together with affidavit of non-residence of Winifred Matheny.

10. Thereafter on January 28, 1958, the plaintiff filed answer to relators' Plea to Abate and Stay Action in four rhetorical paragraphs of denial.

On the same day said matter was submitted to the court for hearing on the Plea to Abate and Stay Action and the answer thereto. The court's finding and judgment was for the plaintiff and against the relators that the action not abate.

11. On the 13th day of March, 1958, Harry Matheny, individually and separately, as executor of the will and estate of Frank R. Smith, deceased, and Margaret L. Leser, individually and separately, as co-personal representative of the will and estate of Frank R. Smith, deceased, filed their motion under Rule 2-35 of the Supreme Court of Indiana again contesting the jurisdiction of the court.

12. On March 19, 1958, defendant Winifred Matheny (only) entered a "Special appearance for the purpose

of questioning the jurisdiction of the court over the subject matter of the complaint and the person of the defendant."

On the same day said defendant, Winifred Matheny, appearing specially, filed her motion under Rule 2-35 of the Supreme Court of Indiana also contesting the jurisdiction of the probate court.

13. On December 24, 1958, the court passed on the separate and several motions of the defendants under Rule 2-35 of the Supreme Court and overruled the same as to all defendants.

The issues raised in the lower court narrow to the following question: Can an order of court and the filing of an amended complaint to contest a will after expiration of the statutory time for filing such contest, bring an omitted necessary party defendant (a beneficiary under the will) into court so as to confer jurisdiction of the person and subject matter on the court?

In determining this question we must first look to the appropriate section of the statute authorizing plaintiff's action which is Acts 1953, ch. 112, §717, p. 295, being §7-117, Burns' 1953 Replacement, which reads as follows:

"Action to contest will or resist probate—Limitation—Complaint—Parties.—Any interested person may contest the validity of any will or resist the probate thereof, at any time within six (6) months after the same has been offered for probate, by filing in the court having jurisdiction of the probate of the decedent's will his allegations in writing verified by affidavit, setting forth the unsoundness of mind of the testator, the undue execution of the will, that the same was executed under duress, or was obtained by fraud, or any other valid objection to its validity or the probate thereof; and the executor and all other persons beneficially interested therein shall be made defendants thereto."

Under Volume 1 of Henry's Probate Law and Practice, (6th Edition), the author under §4, p. 229, in dealing with the time for contesting the will has this to say on page 231:

"Such action being purely a statutory proceeding, the requirements of the statute in this respect must be complied with. But where an action has been properly begun within the time limited, and an amended complaint making new parties is filed after the time limited has expired, the action must be deemed commenced against all the parties thereto from the time when the suit was originally instituted. The interest of the parties is held joint and inseparable, and as such proceeding is substantially one in rem, the court cannot take jurisdiction of the subject matter by fractions. So where a petition to contest a will is filed within the statutory period of limitations, although a part only of the persons interested are made parties thereto, the right of action is saved as to all who may ultimately be made parties to such action, notwithstanding the fact that some of them are not brought into the case until after the period of limitation has expired. Therefore, in such case, if the right of action is saved to one it is necessarily saved to all."

In *Floyd et al.* v. *Floyd et al.* (1883), 90 Ind. 130, 132, 133, this court was required to construe a statute almost identical to Acts 1953, ch. 112, §717, p. 295, being §7-117, Burns' 1953 Replacement, *supra*, except for allowance of a three (3) year period of limitations. The Supreme Court set out the issue on page 132 as:

"This action was commenced within the time limited against some of the appellees, but Alexander Bishop and his children were not made parties until the amended complaint was filed, and as this was not done until after the time limited, the question arises whether the action is to be deemed commenced against these parties from the time the amended complaint was filed or from the time the action was commenced."

In deciding the above issue this court established the following rule:

"Generally speaking, an amendment to a complaint has relation to the time the complaint was filed. This, however, is not the case where the amendment involves a question as to the statute of limitations. In such case, as a general rule, the action is deemed commenced from the time the amendment is made. (Citing authorities).

"This is the rule in all cases where several judgments may be rendered, and it may apply in some others that do not now occur to us. It does not, however, apply to a case where no judgment at all can be rendered until all persons beneficially interested, as in this case, are before the court. In such case, the action must be deemed commenced against all from the time it was originally instituted; otherwise an action, commenced within the statutory period, will be deemed barred simply because all persons who are necessary parties were not then made defendants. In such case the action is saved or barred as to all the parties, and as the law favors the right of action, rather than the right of limitation, the action will not be deemed barred as to any of them."

The law as set out in the Floyd case is reaffirmed in the case of *Faylor* v. *Fehler* (1914), 181 Ind. 441, 104 N. E. 22.

Our Legislature in drafting the Probate Code, and particularly Section 7-117, *supra,* re-enacted the same statute or section (Section 7-504, Burns' 1933 Statutes) wherein the provisions are almost identical except the time limit for bringing the original complaint, knew of the construction placed upon this statute by our Supreme Court and, in effect, adopted the Court's construction.

When a statute or a section thereof has been judicially construed by a court of last resort and when

subsequently the Legislature re-enacts the same statute or section or a statute or section thereof containing provisions substantially the same, the Legislature will be deemed to have used the language as intending to mean the construction placed upon it by such court unless the provisions of the subsequent statute clearly indicate that the Legislature intended a different construction, and that is not the case here. *Boone* v. *Smith* (1948), 225 Ind. 617, 620, 77 N. E. 2d 357; *Metsker et al.* v. *Whitsell et al.* (1914), 181 Ind. 126, 103 N. E. 1078; *Ross* v. *Hannah* (1910), 173 Ind. 671, 91 N. E. 232; *Smith* v. *Biesiada* (1910), 174 Ind. 134, 90 N. E. 1009.

On the authority of the cases cited we deem the question of law here presented to have been decided adversely to the relators. Therefore, the relators' petition is denied and the Temporary Writ of Prohibition heretofore issued is dissolved.

Achor, C. J., Arterburn, Bobbitt and Landis, JJ., concur.

NOTE.—Reported in 159 N. E. 2d 128.