In the Matter of the ESTATE OF Clara C. KITTERMAN, Deceased, Appellant–Plaintiff,

v.

Mary H. PIERSON, Appellee–Defendant.

No. 05A02–9508–CV–469.

Court of Appeals of Indiana.

Feb. 28, 1996.

Rehearing Denied June 4, 1996.

Robert J. Barry, Kevin N. Basey, Hartford City, for Appellant.

Robert G. Forbes, Forcum and Forbes, Hartford City, for Appellee.

## OPINION

FRIEDLANDER, Judge.

In this interlocutory appeal, the Estate of Clara C. Kitterman challenges the trial court's denial of the Estate's motion to dismiss a will contest filed by Mary M. Pierson.

We reverse.

The facts most favorable to Pierson, the nonmovant, are that on November 4, 1994, three days after Kitterman's death, Citizens First State Bank as the personal representative of the Kitterman Estate filed a petition for probate of Kitterman's will, issuance of letters testamentary and unsupervised administration. The will was admitted to probate in the Blackford Circuit Court the same day.

On March 23, 1995, Pierson filed a document entitled "Claim Against the Estate; Will Contest; and Petition for Probate of Lost or Destroyed Will". The document failed to name any beneficial party as a defendant. The Estate filed a motion to dismiss Pierson's claims concerning the will contest and petition for probate of a lost or destroyed will. The basis of the Estate's argument was that Pierson had failed to name all persons beneficially interested in the will as defendants to the action.

On July 14, 1995, the trial court entered the following order regarding the motion to dismiss:

"Comes now the Court and having heard oral arguments on the Motion to Dismiss Will Contest filed by the Personal Representative as to Mary M. Pierson, and having taken said motion under advisement, now finds as follows:

1. That the Last Will and Testament of Clara C. Kitterman, deceased, was admitted to probate in this cause of action on the 4th day of November, 1994.

2. That Mary M. Pierson, by her attorney, Rob Forbes, filed her Claim against the estate; Will Contest; and Petition for Probate of Lost or Destroyed Will in this cause of action on the 23rd day of March, 1995.

3. That Indiana Code 29–1–7–17 provides that the Petition setting forth the will contest named [sic] the Executor and all other persons beneficially interested as defendants.

4. That the Will Contest filed by Mary M. Pierson, although timely filed, did not include the name of the Personal Representative or interested parties as defendants in the Will Contest.

5. That Mary M. Pierson, by her attorney, has proposed to amend her Will Contest to include the names of the Executor and persons beneficially interested as defendants.

6. That the Personal Representatives [sic] contends that if the Will Contest is amended, it does not relate back to March 23, 1995, and consequently would be barred by the 5–month statute of limitations for filing a will contest.

7. That *In Re the Estate of Frank R. Smith,* (1980) 159 N.E.2d, 128, [sic] a will contest may be amended and relate back to the date it was filed.

8. That the attorney for Mary M. Pierson is granted 14 days from this Order to file the amended will contest complaint naming the appropriate parties as defendants.

9. That providing Mary M. Pierson files her amended will contest within 14 days, the Personal Representative's Motion to Dismiss shall be denied.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Personal Representative's Motion to Dismiss the Will Contest of Mary M. Pierson is denied providing that an amended complaint naming the appropriate defendants pursuant to statute be filed within 14 days." *Record* at 89–90.

On July 27, 1995, Pierson filed an Amendment To Claim Against the Estate; Will Contest; And Petition For Probate Of Lost Or Destroyed Will, which named all beneficially interested persons as defendants. The Estate petitioned the trial court for certification of an interlocutory appeal, which the trial court granted. We granted jurisdiction and now address the issue presented by Kitterman's Estate:

> Did the trial court err when it permitted Pierson's amendment to the will contest to relate back to the date the original complaint against the will was filed?

[redacted] The Estate challenges the probate court's denial of its motion to dismiss Pierson's will contest. The law does not favor motions to dismiss. *McCoy v. Like,* 511 N.E.2d 501 (Ind.Ct.App.1987). When a trial court faces a motion to dismiss a complaint, all the complaint's allegations are taken as true, and all reasonable inferences are drawn in favor of the plaintiff. *Id.*

[redacted] The Estate contends that Pierson failed to file a proper will contest until after the five-month period delineated in Ind.Code Ann. § 29–1–7–17 (West Supp.1995). The right to contest a will is statutory, and if it is not exercised within the allotted time period, it is lost. *Matter of Estate of Wilson,* 610 N.E.2d 851, 855 (Ind.Ct.App.1993). IC 29–1–7–17 provides that any interested person may contest the validity of a will within five months after the date of the order admitting the will to probate. This five month limit is jurisdictional and the failure to file a will contest within the five months will generally result in dismissal. *Id.*

IC 29–1–7–17 states in pertinent part that, in relation to a will contest, "[t]he executor and all other persons beneficially interested in the will shall be made defendants to the action." Pierson does not dispute that she failed to name any individuals as defendants in this action. She argues, rather, that the statute does not require an individual contesting a will to name defendants, but that "the effect of the statute is to make the executor and beneficiaries under the will parties to the proceedings **by operation of law.**" Appellee's Brief at 3 [emphasis in original]. Pierson offers no legal support for this argument, which we summarily dismiss.

Pierson further relies on *In Re the Estate of Frank R. Smith,* 239 Ind. 518, 159 N.E.2d 128 (1959), in which a will contestant failed to name as defendants all the persons beneficially interested in a will. In *Smith,* the Indiana Supreme Court held that it was appropriate for the trial court to allow an amended will contest to be filed after the statutory time limit had passed so that the contesting party could add an omitted defendant. *Smith* is distinguishable from the case before us, inasmuch as the contesting party in that case had properly named at least one defendant in the original complaint. The court reasoned that a probate court is precluded from taking jurisdiction of subject matter in fractions, since the interest of parties to a will is held jointly and inseparably, and a probate proceeding is substantially one *in rem.* The court stated:

"So where a petition to contest a will is filed within the statutory period of limitation, although a part only of the persons interested are made parties, thereto, the right of action is saved as to all who may ultimately be made parties to such action, notwithstanding the fact that some of them are not brought into the case until after the period of limitation has expired. Therefore, in such a case, if the right of action is saved to one it is necessarily saved to all." *Id.,* 159 N.E.2d at 130.

In the present case, no defendants were named and no effort to comply with the statutory requirements has been demonstrated. Since the right of action was not saved to any party, the court never obtained jurisdiction over even a portion of the subject matter and *Smith* cannot apply. Pierson failed to file a proper complaint to contest Kitterman's will within the statutorily prescribed time limit and any amendment to the contest may not relate back to the invalid complaint. The trial court erred in denying the Estate's motion to dismiss.

Judgment reversed.

ROBERTSON, J., concurs.

KIRSCH, J., dissents with separate opinion.

KIRSCH, Judge, dissenting.

I respectfully dissent.

It is undisputed that Pierson failed to comply with IC 29–1–7–17 which requires that "[t]he executor and all other persons beneficially interested in the will shall be made parties to the action." It is similarly undisputed, however, that Pierson served a copy of the will contest and petition for probate of lost or destroyed will upon the executor Citizens First State Bank, together with summons. A copy of both the will contest and summons also were served upon counsel for the personal representative. This service was accomplished within the statutorily-allowed five month period. Thus, within the allowed period, the executor had notice of the institution of the action to contest the will.

The majority distinguishes this action from *In Re the Estate of Frank R. Smith,* 239 Ind. 518, 159 N.E.2d 128 (1959), in which our supreme court allowed an amended will contest to be filed after the statutory time period to add an omitted defendant because in *Smith* the contesting party had properly named at least one defendant in the complaint. I believe that serving a copy of the will contest and summons upon the executor within the statutorily-allowed time served the same purpose. For such reason, I respectfully dissent.