Floyd *et al.* *v.* Floyd *et al.*

No. 9842.

FLOYD ET AL. *v.* FLOYD ET AL.

WILL.—*Contest of.*—*Statute of Limitation.*—*Complaint.*—*Amendment.*—*Parties.* —Where new parties are brought in by amendment of the complaint, and such amendment involves any question as to the statute of limitations, such action, as to such parties, as a general rule, is deemed to be commenced at the time such amendment is made; but this rule does not apply where no judgment can be rendered till all the parties are before the court, and, hence, where an action to contest a will is brought within three years from its probate against some of the persons beneficially interested therein, and others are made parties by amendment of the complaint after three years, such action is deemed commenced against all the parties from the time the complaint was filed, and is not barred as to any of them.

SAME.—*Legatee.*—*Estoppel.*—In an action by several persons to contest a will, an answer that one of such persons is a legatee, and that he has received and retains his legacy is insufficient, as the action is not joint, but is a proceeding *in rem*, where the interests of the parties are several, and though one may have estopped himself to maintain the proceeding, this fact does not preclude the others who have united with him in such proceeding.

SAME.—*Amendment of Record.*—*Practice.*—An objection to the complaint, upon the ground that it appears to have been filed more than three years after the will is alleged to have been probated, is removed by an amendment of the record showing that the original complaint was filed within three years from such probate.

From the Shelby Circuit Court.

*T. A. Hendricks, T. B. Adams* and *L. T. Michener,* for appellants.

*B. F. Love, J. F. Vaile* and *H. C. Morrison,* for appellees.

BEST, C.—The appellants Arthur W. Floyd, William M. Bone, Eliza E. Thompson, Jasper Blankenbecker and Elizabeth A. Snyder brought this action against Erastus L. Floyd, Jemima Bishop and others, to contest an instrument as the will of Matthias Floyd, deceased, on the ground of fraud, undue influence, and that the testator was of unsound mind. Afterwards an amended complaint was filed, making Alexander Bishop, Arminta Bishop, William Bishop and Laura Bishop defendants.

An answer of nine paragraphs was filed, to all of which except the seventh and eighth a demurrer was sustained. The seventh was withdrawn and a demurrer was overruled to the eighth. The appellants declining to reply, final judgment was rendered against them. The ruling upon the demurrer to the eighth paragraph of the answer is assigned as error by the appellants, and cross errors are assigned by the appellees upon the ruling upon the demurrer to the other paragraphs.

The eighth paragraph averred that the will of Matthias Floyd, deceased, was probated in Shelby county, in this State, on the 16th day of October, 1877 ; that the original complaint was filed on the 29th day of July, 1880, naming Jemima Bishop as a defendant, but that said Jemima Bishop departed this life intestate on the 1st day of May, 1879, leaving as her only heirs at law her husband, Alexander Bishop, and her children, Arminta, William and Laura Bishop ; that at the time of filing said complaint the said Alexander Bishop and said children were, and still are, beneficially interested in the will of said testator ; that as to said Alexander, Arminta, William and Laura Bishop, this action was not commenced till the 18th of October, 1880, more than three years after said will was probated, and by reason thereof the plaintiffs' cause of action is barred as to all the defendants.

The substance of this paragraph is, that while the suit was commenced within three years after the will was probated, the amended complaint, making Alexander Bishop and his children, Arminta, William and Laura Bishop, parties, was not filed until after that time.

The statute, under which this proceeding was instituted, provides that "Any person may contest the validity of any will, or resist the probate thereof, at any time within three years after the same has been offered for probate, by filing in the circuit court of the county where the testator died, or where any part of his estate is, his allegation, in writing, verified by his affidavit, setting forth the unsoundness of mind of the testator, the undue execution of the will, that the same was executed under duress or was obtained by fraud, or any other valid objection to its validity, or the probate thereof; and the executor and all other persons beneficially interested therein shall be made defendants thereto." R. S. 1881, sec. 2596.

This statute authorizes the institution of a suit to contest the validity of a will at any time within three years after it has been offered for probate, and requires all persons beneficially interested therein to be made defendants thereto. This action was commenced within the time limited against some of the appellees, but Alexander Bishop and his children were not made parties until the amended complaint was filed, and as this was not done until after the time limited, the question arises whether the action is to be deemed commenced against these parties from the time the amended complaint was filed or from the time the action was commenced. Generally speaking, an amendment to a complaint has relation to the time the complaint was filed. This, however, is not the case where the amendment involves a question as to the statute of limitations. In such case, as a general rule, the action is deemed commenced from the time the amendment is made. *Lagow* v. *Neilson*, 10 Ind. 183; *Jones* v. *Porter*, 23 Ind. 66; *Hawthorn* v. *State, ex rel.*, 57 Ind. 286.

This is the rule in all cases where several judgments may

be rendered, and it may apply in some others that do not now occur to us. It does not, however, apply to a case where no judgment at all can be rendered until all persons beneficially interested, as in this case, are before the court. In such case, the action must be deemed commenced against all from the time it was originally instituted; otherwise an action, commenced within the statutory period, will be deemed barred simply because all persons who are necessary parties were not then made defendants. In such case the action is saved or barred as to all the parties, and as the law favors the right of action, rather than the right of limitation, the action will not be deemed barred as to any of them.

This precise question has not heretofore arisen in this State, but we find it decided in *Bradford* v. *Andrews,* 20 Ohio St. 208 (5 Am. R. 645), and as the reasoning of the court is quite satisfactory, we make an extended extract from the opinion. The court said: "Where a petition for such a contest is filed within the statutory period of limitation, although only part of the persons interested are made parties thereto, the right of action is saved as to all who are ultimately made parties, notwithstanding some of them are not brought into the case until after the period of limitation has expired. If any person interested appears, and in good faith files his petition for a contest, the statutes entitle him to a trial, and the verdict of a jury, touching the validity of the will; and that verdict will be binding upon all parties who may be before the court as such, at the time of its rendition. The interest of the parties is joint and inseparable. Substantially this is a proceeding *in rem,* and the court can not take jurisdiction of the subject-matter by fractions. The will is indivisible, and the verdict of the jury either establishes it as a whole, or wholly sets it aside. To save the right of action therefore to one is necessarily to save it to all. The case belongs to that class of actions where the law is compelled either to hold the rights of all parties in interest to be saved, or all to be barred. And it seems now to be quite well settled law, that the preference

will in such cases be given to the right of action, and not to the right of limitation. The right to sue is a favored right, and is guaranteed by constitutional provision, while the right of limitation generally meets with more or less disfavor."

This extract, we think, expresses accurately the law upon this question, and it, therefore, follows that the court erred in overruling the demurrer to the eighth paragraph of the answer.

This conclusion renders it necessary to examine the cross assignment of errors.

The first one noticed in the appellees' brief is that the court erred in sustaining a demurrer to the fourth paragraph of the answer. This paragraph averred in substance, that William J. Floyd, one of the plaintiffs, was a legatee under such will, and that before the commencement of the proceedings he had received from the executor of the estate $1,000, the full amount of such legacy, in payment of the same.

The reception and retention of this money, it may be conceded, estop such legatee from contesting the will, but it does not therefore follow that his co-parties are likewise precluded. The appellees insist that since the plaintiffs below united in an application to set aside the will, the cause of action must be deemed joint, and in order to enable any of them to succeed all must be able to do so. We think otherwise. The cause of action was not joint, nor were the interests of the parties joint, but several. Any one of them might institute the proceeding, though the others refused to join, and the fact that one had estopped himself from contesting the will constituted no defence to a contest by the others. Nor does the fact that one thus estopped unites with others not estopped, prevent them from contesting the will. The proceeding is not to enforce a joint claim, nor to procure a joint recovery, but it is a proceeding *in rem*, instituted by persons having several interests, in which, if any succeed, the judgment inures to the benefit of all. This court, in *Leach* v. *Prebster*, 39 Ind. 492, in a similar case, held that proof of

Floyd *et al.* v. Floyd *et al.*

such answer constituted no defence. In that case, the widow united with the mother of a decedent in contesting a will, and as the widow had received property under the will, it was insisted that this fact constituted a bar to the action. The court, however, held otherwise, saying that if the widow was estopped it would not prevent the will from being set aside, as the proceeding was also instituted by the mother, and the judgment would inure to the benefit of all. If proof of the fact would constitute no defence, of course no error was committed in sustaining the demurrer to the answer.

The ninth paragraph of the answer alleged, in substance, that William Bone, one of the plaintiffs, to whom eighty acres of land had been devised by the testator, had sold and conveyed the same before this proceeding was instituted. The facts averred in this paragraph only tended to show that he alone was estopped to maintain the proceeding, and, for the reasons already given, the demurrer to it was properly sustained.

No different question was raised by the ruling upon the remaining paragraphs of the answer, to which the demurrer was sustained, and they need not be noticed more particularly.

The appellees insist in their brief that the complaint is bad because it appears to have been filed more than three years after it is averred that the will was admitted to probate. Since this objection was made, it has been obviated by an amendment of the record, showing that the original complaint was filed less than three years after the will is alleged to have been probated. There is, therefore, nothing in this objection. This disposes of the cross assignments of error.

For the error in overruling the demurrer to the eighth paragraph of the answer, the judgment should be reversed.

PER CURIAM.—It is therefore ordered that the judgment be reversed, at the appellees' costs, with instructions to sustain the demurrer to the eighth paragraph of the answer and for further proceedings.