## AHEARN ET AL. *v.* BURK.

[No. 21,802. Filed November 26, 1912. Rehearing denied January 23, 1913.]

1. WILLS.—*Probate.—Objection to Probate.—Notice.*—The proceedings before the clerk under §3153 Burns 1908, §2595 R. S. 1881, providing for the filing of objections to the admission of a will to probate before the clerk, are necessarily *ex parte* and notice to the adverse party is not contemplated. p. 181.

2. WILLS.—*Probate.—Review.—Evidence Not in Record.—Presumptions.*—It will be presumed on appeal, where the evidence is not in the record, that the circuit court did its duty in vacating a judgment admitting a will to probate. p. 181.

3. WILLS.—*Probate.—Revocation.*—The circuit court has the inherent power, during the term, to vacate its order admitting a will to probate, where a proper showing is made. p. 181.

4. WILLS.—*Probate.—Objection to Probate.—Bond for Costs.*—The provisions of §3155 Burns 1908, §2597 R. S. 1881, for the filing of a bond for costs in proceedings to contest wills, do not require a bond where the proceedings are commenced before the probate of the will. p. 181.

5. WILLS.—*Probate.—Objection to Probate.—Complaint.—"Inhabitant".—"Resident".*—The complaint in a proceeding to set aside the probate of a will is not insufficient for alleging that the decedent immediately preceding her death was a resident of the

county, since under §240 Burns 1908, §240 R. S. 1881, the word "inhabitant", as used in §3136 Burns 1908, §2580 R. S. 1881, providing that a will may be proven in any county where the testator was an inhabitant, may be construed to mean "resident." p. 182.

From Cass Circuit Court; *John S. Lairy*, Judge.

Action by Fred G. Burk to set aside the probate of. the will of Martha C. Gruber, deceased. From a judgment vacating the order of probate, Sarah R. Ahearn appeals. *Affirmed.*

*Frank V. Guthrie*, for appellants.

*James A. West*, for appellee.

MORRIS, J.—On August 13, 1910, appellee Burk filed in the office of the clerk of the Cass Circuit Court his written, verified objections to the probate of the will of Martha C. Gruber, deceased, pursuant to the provisions of §3153 Burns 1908, §2595 R. S. 1881. In these objections it was stated that decedent, while of unsound mind, in April, 1910, executed a will, the terms and conditions of which were unknown to the affiant, but that he believed that one Sarah Ahearn was named therein as the principal beneficiary, and that affiant and one Glen Sampson were the only heirs of decedent.

. No attempt was made, by summons or otherwise, to notify Sarah Ahearn of the filing of the objections. On September 12, 1910, the seventh judicial day of the next term of court, the will of Martha C. Gruber was presented to the court and admitted to probate. Sarah Ahearn, the principal beneficiary, was named in the will as executrix, and qualified as such.

On September 15, 1910, the said Burk filed in the same court his verified petition to vacate the order admitting the will to probate, in which petition it was alleged that the clerk had placed his written objections, filed August 13, on the probate docket of the court, under a certain number, where it had since been of record; that the will was probated by the court without knowledge of the pendency of the ob-

jections, and, by reason thereof, the court was misled. This motion was heard by the court on September 23, with the result that the order of probate was set aside, and Sarah Ahearn excepted to the ruling of the court and here assigns that action as erroneous.

Appellants contend that the probate of a will cannot be arrested by filing, in vacation, with the clerk, verified objections, without service of notice on the parties adversely interested, and, inasmuch as no such notice was served, the court erred in setting aside the order. Appellants rely especially on *McGeath* v. *Starr* (1901), 157 Ind. 320, 61 N. E. 664, in support of the above claim. Appellant's position is not tenable, and the case cited is not in point. The proceeding before the clerk, contemplated by §3153 Burns 1908, *supra*, is necessarily *ex parte*. *Fillinger* v. *Conley* (1904), 163 Ind. 584, 587, 72 N. E. 597. No notice to the adverse party is contemplated by the statute. Usually, as here, the objecting party could not know, before the presentation of the will, who the beneficiaries might be. The statute provides that when objections are filed, the clerk shall continue the proceedings until the succeeding term of court, when, if the objector fail to resist the probate of the instrument, the court may admit the same.

The evidence is not in the record. It must be presumed that the circuit court did its duty in vacating the judgment. It had the power to do so, even if the statute contemplates notice when such objections are filed. The court had the inherent power, during the term, to vacate its order admitting the will to probate, where proper showing was made. 40 Cyc. 1234. On vacating the order the court allowed Burk forty days within which to resist the probate of the will, and, on September 27, 1910, appellee filed his complaint in resistance thereof. Appellants filed a motion to require appellee to file a bond for costs, which was overruled. This action is also assigned as erroneous. There was no error. The

statute (§3155 Burns 1908, §2597 R. S. 1881), requires no bond where the proceedings to contest are commenced before the probate of the will.

Appellant demurred to the complaint for insufficiency of facts. This demurrer was overruled, and, appellants declining to plead further, judgment was rendered for appellee. It is contended here that the demurrer to the complaint was improperly overruled because the complaint, instead of alleging that decedent, immediately preceding her death, was an inhabitant of the county, alleges that she was a "resident" thereof. This contention is without merit. The statute (§3136 Burns 1908, §2580 R. S. 1881), requires that wills be proven in any county where the testator * * * was an inhabitant * * *." Section 240 Burns 1908, §240 R. S. 1881, provides that "the word 'inhabitant' may be construed to mean a resident in any place."

Other questions are presented, but they so depend on those already determined that their consideration is rendered unnecessary.

There is no error in the record. Judgment affirmed.

NOTE.—Reported in 99 N. E. 1004. See, also, under (2) 40 Cyc. 1358; (3) 40 Cyc. 1345. As to the general principles in respect to contesting the probate of a will, see 130 Am. St. 186.