FAYLOR v. FEHLER ET AL.

[No. 22,358. Filed February 6, 1914. Rehearing denied April 3, 1914.]

1. WILLS.—*Probate.*—*Objections.*—*Motion to. Strike.*—Although a motion to strike out cannot serve the office of a demurrer, such a motion addressed to objections filed to a petition for the probate of a will was properly sustained, where such objections were sufficient in form and substance, but were filed too late or were improperly verified. p. 448.

2. WILLS.—*Probate.*—*Objections.*—*Time for Filing.*—A party objecting to the probate of a will cannot complain that he was not granted sufficient time to file his objections, where the objections

were filed at once on being granted leave to do so, and he asked no additional time. p. 448.

3. WILLS.—*Probate.—Parties.*—Under §3153 Burns 1908, §2595 R. S. 1881, considered with §3154 Burns 1908, §2596 R. S. 1881, relating to objections to the probate of wills, and the contest of wills, while objections before probate under §3153 will be sufficient, without naming the parties beneficially interested, to arrest probate until the succeeding term of court, such preliminary objections must at or before such term of court be followed by a formal complaint in resistance of probate, in which the executor of the will, and all beneficiaries who do not join as plaintiffs or contestants must be made parties, and citation must issue for the defendants unless they voluntarily appear, as contemplated in §3154, *supra.* (*Floyd* v. *Floyd* [1883], 90 Ind. 130, and *McGeath* v. *Starr* [1901], 157 Ind. 320, distinguished.) p. 449.

4. WILLS.—*Probate.—Objections.—Failure to Verify.*—Failure to verify objections to the probate of a will will not, in itself, oust the court of jurisdiction. p. 452.

5. APPEAL.—*Failure to Present Questions Below.—Waiver.—Wills. —Failure to Verify Objection to Probate.*—Unless the objection that the objections to the probate of a will are not verified, is presented to the lower court, the question will be regarded as waived on appeal. p. 452.

6. WILLS.—*Probate.—Objections to Probate.—Failure to Verify.— Striking Out.*—Where objections to the probate of a will are not verified, they may be stricken out on motion. p. 452.

7. ATTORNEY AND CLIENT.—*Authority to Act for Client.*—Both in general and special proceedings, the powers of attorneys to act for their clients are the subject of statutory regulations. p. 452.

8. WILLS.—*Probate.—Objections.—Verification by Attorney.—Statutes.*—Sections 3153, 3154 Burns 1908, §§2595, 2596 R. S. 1881, relating to objections to the probate of wills, are specific in the requirement that objections to a will shall be verified by the affidavit of the objector, hence verification by objector's attorney is insufficient. p. 452.

9. WILLS.—*Probate.*—A will can neither be probated, nor its probate defeated, except as an entirety, unless perhaps on the intervention of some element of estoppel. p. 453.

10. WILLS.—*Probate.—Objections.—Defect of Parties. — Waiver.*— A defect of parties in a proceeding to resist the probate of a will may be waived. p. 453.

11. WILLS.—*Probate.—Parties.—Admission of Will to Probate.*—A legatee under a will who was not made a party to a formal complaint to resist its probate, and who, pending a trial on such complaint, filed his application to have the will admitted to probate, thereby in effect became a proponent of the will as against

such pending proceeding, hence the court erred in admitting the will to probate on his application pending a determination of the proceeding in resistance of probate, although the objector in the pending proceeding also filed objections to probating the will on such application, which were properly stricken out for want of verification. p. 453.

12. WILLS.—*Probate.—Motion for New Trial.—Necessity.*—Where, pending trial upon a complaint in resistance of the probate of a will, one who was not a party thereto made application to have the will probated, and an order of probate was entered thereon, such order was illegal, and a motion for a new trial was not essential to a review of the proceeding on such application, but a right result could be obtained on motion to set aside such order as having been improvidently made. p. 453.

From Wells Circuit Court; *R. H. Hartford,* Judge.

Application by Roy Fehler for the probate of the will of Catherine Faylor, deceased, to which Thomas Faylor filed objections. From a judgment admitting the will to probate, the objector appeals. *Reversed.*

*Mock & Mock,* for appellant.
*Leonard, Rose & Zollars,* for appellees.

MYERS, J.—Appellee, Roy Fehler, a legatee and devisee under the will of Catherine Faylor deceased, filed an application for the probate of the will of the decedent, to the probate of which appellant, having obtained leave over appellee's objections, filed objections which on motion were stricken out. Exception was reserved and the evidence heard, and the will admitted to probate. The other appellees are the executor and legatees and devisees under the will, and personal or legal representatives of the legatees and devisees, and those who, but for the will, would be heirs, of which appellant was one. In appellant's application for leave to file objections to the probate of the will, he alleges, in addition to the facts set out in the objections proper, that on July 8, 1902, Catherine Faylor died leaving numerous persons, himself included, her sole heirs at law, naming them; that on July 10, 1902, in vacation, one of said heirs filed in the office of the clerk of the Wells Circuit Court, his

written objections to the probate of the last will of said Catherine Faylor; that afterward on the same day one David D. Studebaker (named in the will as executor) presented the will for probate to said clerk, and owing to such objections probate was denied, and the cause was continued until the next, or September, term of said court; that on September 4, 1902, the objector, appellant, and the other alleged heirs filed in the Wells Circuit Court a complaint verified by one of them, in resistance of probate of said will, on the ground that the testator was of unsound mind at the time of its pretended execution, and that it was unduly executed, being cause No. 7720 in that court; that such action is still pending in that court; that appellant did not know until his attorneys were called to the courtroom February 19, 1913, that Roy Fehler was mentioned in said pretended will as a beneficiary, and he then asked leave to file his objections and complaint against probate. This petition was filed on that day, but previously, appellee Roy Fehler, a legatee and devisee under the will, had filed in the Wells Circuit Court a motion alleging that the will of the decedent was offered for probate in that court July 10, 1902, and moved the court in his own behalf that the will be admitted to probate. Appellant over appellees' objections had leave generally to file his objections, and thereupon filed written objections and complaint in substance: that on July 6, 1902, Catherine Faylor died testate in Wells County, the owner of real and personal property of the value of $20,000, leaving as her only heirs at law the objector, appellant, and other designated persons; that the pretended will and testament of said Catherine Faylor, deceased, dated January 29, 1900, has been presented to the clerk of this court for probate. The plaintiff objects to the probate of said will on the following grounds: that said Catherine Faylor at the time of the attempted execution of the pretended will was of unsound mind, and the pretended will was not duly executed. It is also alleged that on Sep-

tember 4, 1902, there was filed a complaint against one David D. Studebaker, to resist probating said pretended will, in which all of said above named heirs were plaintiffs, and David D. Studebaker was defendant, and which set forth the same facts relative to said will as are specified in his petition; that said cause has never been finally settled, but has been continued by agreement, pending litigation between said parties, which litigation was known of, by said Roy Fehler; that this complaint is not filed for delay or vexation, but that in three different cases tried by different courts, the evidence was that.said Catherine Faylor was of unsound mind at the time of the execution of said will. The objections and complaint were verified by George Mock, who swears that he is one of the attorneys for plaintiff, and that it is impossible to get an affidavit to said plaintiff in time to comply with the court's order and file the same in the time given, and that he makes affidavit for and on behalf of plaintiff, and that the subject-matters set forth therein are true in substance and in fact, as he verily believes; that that morning was the first that the attorneys or said Thomas Faylor knew that said Roy Fehler had any interest set over to him by the terms of said pretended will.

On motion of appellee Roy Fehler, these objections were stricken out on the grounds, (1) that they were not filed within the time allowed by law, and (2) that they were filed by one George Mock, and not by Thomas Faylor, to which ruling, an exception was reserved. The record shows leave generally to appellant Thomas Faylor to file objections to the probate of the will, and it does not show that any time was asked or refused in which, properly, to prepare and file such objections, but that immediately following the granting of the leave, the objections were filed as herein shown, and on their being stricken out, no further time was asked or refused, and the matter was at once submitted to the court for hearing on motion of Roy Fehler, a jury being waived and the evidence heard, and the will ordered probated.

The evidence taken on the hearing of the motion to admit
to probate is brought into the record by a bill of exceptions.
It consisted of the evidence of one of the witnesses to the will,
that it was duly signed by the testatrix and the subscribing
witnesses, that she was more than 21 years of age and of
sound mind at the time of its execution; and of the entry of
July 10, 1902, in vacation, showing the presentation of the
will for probate by David D. Studebaker (executor named
in the will); that objections to probate having been filed,
the matter was continued until the next term of court.    This
was all the evidence given in the cause.

February 21, 1913, appellant filed his written motion to
set aside the order of admission to probate on the grounds:
(1) That on July 8, 1902, Catherine Faylor died in Wells
County, Indiana, and that on July 10, 1902, Peter Faylor
for and on behalf of the heirs of said decedent filed in the
office of the clerk of Wells County, his sworn objections to
the probating of any will in said estate as shown by Order
Book Probate Record 15 page 171 of that court; that on
July 10, 1902, and after said objections were so filed, David
D. Studebaker presented said will for probate to said clerk;
that the clerk of said court thereupon refused to probate said
will, and on the first day of the September Term, 1902, of
the Wells Circuit Court, a complaint was filed by said Peter
Faylor, *et al.,* including this plaintiff and petitioner, and
summons issued thereon, and a full appearance entered
against said David D. Studebaker, and for him, in said
cause; that said action has been pending ever since in the
said Wells Circuit Court, and said objections and complaint
are still pending, and have never been withdrawn by any
person, and that said cause was set down for trial at this
term of court at the regular setting of cases on said trial
calendar, and that the continuance of said cause has been
by agreement from term to term since the filing of the
same; that said Roy Fehler never asked to be made a
party to said cause, never had any appearance noted

Faylor *v.* Fehler—181 Ind. 441.

therein, and was never represented by any person in any of said litigation; that on February 19, 1913, and before said will was probated, said Thomas Faylor petitioned to file objections to the probate thereof, which was granted, and he did file his complaint and objections to the probate thereof, to which said Roy Fehler filed a motion to strike out said complaint and objections, which motion was sustained· by the court, and exception to such ruling and decision was taken by Thomas Faylor. (2) That at the time of the execution of said pretended will, and for a number of years prior thereto, said Catherine Faylor was a person of unsound mind as alleged in the objections of Peter Faylor, and in the complaint filed by the heirs of Catherine Faylor. (3) That in the case of Thomas Faylor, *et al.*, being the heirs of said Catherine Faylor, deceased, against David D. Studebaker, which was tried four different times, the great weight of the evidence, and the findings of the courts trying said causes were that said Catherine Faylor was of unsound mind, which findings were sustained by the Appellate Court of this State. (4) That at the time said Roy Fehler filed his petition in this court to have said will probated, he knew or by the examination of the records of this court could have known, that objections had been filed against the probating of said will, and that the trial of such objections had not been had, and such questions as were raised therein had not been determined and adjudicated. (5) That the ruling, decision and judgment of the court in probating said will of Catherine Faylor while said objections remained unadjudicated was wrong, and contrary to the law.

Notice of this motion was ordered and given appellee, Roy Fehler, for February 24. On that date the motion was overruled, appellant excepted, and this appeal followed.

It should be noted that both appellant Thomas Faylor and appellee Roy Fehler are kinsmen of the testatrix, the names spelled differently but having a similar pronunci-

ation. It is made to appear by this record that the will was *offered for probate* July 10, 1902, and that appellant's objections were not filed until February 19, 1913. It also appears that to the former proceedings to resist probate, still pending when appellant's objections were filed, appellee Roy Fehler, a legatee and devisee under the will, did not join as a plaintiff, was not made a defendant, and was never served with process in the cause. It is however contended by appellant that the court erred in

1.  striking out his objections to probate, the ground of his contention being that a motion to strike out cannot perform the office of a demurrer for the reason that it takes away the right of amendment, and in this case, took away his right to introduce evidence or object to the evidence on the hearing. Ordinarily the rule is as appellant insists, but that cannot be true in a case where so far as the objections are concerned, they were sufficient in form and substance; if on their face they show that they were filed too late or were not properly verified. They needed no amendment to present all that appellant could present on the question. There was no insufficiency of facts to authorize the objections if they were in time, or properly verified.

It is next urged that it was error to strike out the objections, where a cause of action has been begun before probate, citing, *Ahearn* v. *Burk* (1913), 179 Ind. 179, 99 N.

2.  E. 1004, to the point that notice is not required of the filing of such objections. It is urged that he should have had a reasonable time to resist the probate under §3153 Burns 1908, §2595 R. S. 1881. It is answered that he asked no time, but filed his objections at once. It is next urged that where a beneficiary under a will, moves a court to probate it, and application is made by an heir to file objections, and they are filed before probate, and a beneficiary files a motion to strike out the objections, it is an appearance to such complaint, and to the pending proceedings originally filed within time. The point made is that

no notice being required of the original objections, all beneficiaries were, by force of the statute, parties, and hence no notice was necessary as to Roy Fehler; that by appearing and filing his motion to strike out the objection, he became a party voluntarily to the then pending proceedings of the other heirs. It is to be observed that the motion by Roy Fehler to admit the will to probate was entitled "In Re Will of Catherine Fehler Deceased." In his motion, he recites that the will was offered for probate in the Wells Circuit Court July 10, 1902, as shown by Order Book Probate Record 15, page 172, of that court. In the petition by appellant for leave to file objections, it is entitled "In the Matter of the Estate of Catherine Faylor Deceased," and in neither motion by appellant nor appellee Roy Fehler, was a number given to the cause. The entry in the original objections filed July 10, 1902, is under the caption "Matters in the Estate of Catherine Faylor Deceased."

Three questions therefore arise: (1) In case of objection to probate under §3153 Burns 1908, *supra,* and the matter being deferred to the next term, Must a complaint be filed making the executor and the persons beneficially interested parties under §3154 Burns 1908, §2596 R. S. 1881? (2) Did the act of appellee Roy Fehler in filing a motion to probate and to strike out appellant's objections, effect an appearance to and make him a party to the original proceeding? (3) Does a failure in a complaint to resist probate, to make one beneficially interested a party, until the three years from the offer to probate has run, bar him from having probate? It is urged that the court took judicial notice of its own records, and knew of the pending of the original complaint. If it did so, it also took notice that Roy Fehler was not a formal party. If it be the law that no one need be named as a party in the primary objections before probate, then it was not necessary to name him or any one else as a beneficiary. But

what is to become of the provisions of §3154, *supra,* as to who shall be defendants? True, before probate, a party may not know who are beneficiaries, or who is named executor under a will, whereas after probate the will itself will disclose the beneficiaries, and the necessary parties, but there is as much reason that one be made a party and have his day in court, in one case as in the other. If the beneficiaries were not known, the objections may still be filed, without making formal parties, which will arrest probate until further information can be obtained, and the process of the court is available to obtain it, upon which a complaint can be based, making all parties in interest defendants to the proceeding, and that is the effect of the decision in *Ahearn* v. *Burk, supra.* The material inquiry therefore is, Did the failure to make Roy Fehler a party to the proceeding to resist probate, and serve him with notice remove as to him, the bar of the three-year statute, or can the proceeding be split up so that an action to resist probate in which only part of those beneficially interested are made parties, present the bar of the statute as to them? Section 3154, *supra,* is mandatory that all persons beneficially interested shall be made parties defendant. The proceeding to resist, or set aside probate of a will has been held so far a unit, and indivisible, that an admission of a beneficiary against his interest, cannot be received, because of its effect upon his cobeneficiaries. *Roller* v. *Kling* (1897), 150 Ind. 159, 166, 49 N. E. 948, and cases cited. In the case of *Floyd* v. *Floyd* (1883), 90 Ind. 130, it was held where, in an action to contest a will, part of the beneficiaries were not made parties within three years from the time the will was offered for probate, that the three-year condition did not apply, contrary to the general rule that an action is deemed commenced from the time the amendment is made. The opinion is grounded on an Ohio case, and on the statute, §3154, *supra,* requiring all persons interested beneficially to be made parties to such proceeding as an indivisible action, and in

such case the proceeding is deemed commenced from the time the original contest was instituted, for the reason that no judgment can be rendered until all persons beneficially interested are before the court, the proceeding being one *in rem.*

In *McGeath* v. *Starr* (1901), 157 Ind. 320, 61 N. E. 661, it was held that §3156 Burns 1908, §2598 R. S. 1881, must be complied with, whether the proceeding is to resist probate or contest the will, and that a citation must issue for all the beneficially interested persons; that the filing of a complaint is not notice, and that an action is only commenced in proceedings of this character, when a complaint is filed and process (citation) issued, and for that reason the executor and other persons who had not been cited or had not appeared, were entitled to have the will probated, notwithstanding the filing of the complaint, and that proving the will could not be arrested in that manner. In *Ahearn* v. *Burke, supra,* it was held that the objections permissible under §3153, *supra,* will arrest probate until the next term of the court. The construction deducible from these cases seems to be, (1) that the preliminary objections which will arrest probate until the next term of court, must at or before that time be followed by a formal complaint in resistance of probate; (2) that such formal complaint must name as defendants the executor, and all persons beneficially interested, who do not join as plaintiffs or contestants, and that citation must issue for the defendants unless they voluntarily appear, and this appears to us to be the orderly and correct practice.

The distinction between the Floyd and McGeath cases lies in the fact that in the former an action was commenced within the time, while in the McGeath case an action had not been commenced by any person, against any one. The cases are not in conflict. Here the proceeding in resistance of probate was pending when appellee filed his motion for probate, pursuant to objections originally offered and fol-

lowed by a formal complaint in resistance. The offer for probate followed by a complaint in resistance involved the entire subject-matter of the *res*, and the rights of all persons in interest, though they could not be concluded until they were before the court, and the court could not act until they were before the court. The action could not be split up, so that when resistance to probate was formally made, it necessarily involved the interests of all persons affected, and as the will must stand or fall as an entirety, the reason of the rule and the rule itself in *Floyd* v. *Floyd, supra,* is adhered to.

The remaining question is whether verification by appellant's attorney was jurisdictional, or whether any additional formal objection was necessary. As to the question whether verification by appellant was necessary, it has been held that failure to verify the complaint does not oust the court of jurisdiction. *Strebin* v. *Lavengood* (1904), 163 Ind. 478, 71 N. E. 494; *Sutherland* v. *Hankins* (1877), 56 Ind. 343. And unless the question is properly raised in the court below, it is to be regarded as waived. Here it was raised, and the court was doubtless correct in its ruling in striking out the objection, but that did not authorize probate of the will, and in view of our conclusions was immaterial. This is a special proceeding, but in general and special proceedings the powers of attorneys to act for their clients are the subject of statutory regulation. §1003 Burns 1908, §968 R. S. 1881. The statute is specific here, that the instrument of resistance shall be "verified by his affidavit," and we think upon reason, should be followed. However, back of it all in this proceeding, lies the fact that there was at the time pending in the same court, and it was disclosed, an action in resistance of the probate of the will, in which appellant was a plaintiff. The reason for the rule in *Floyd* v. *Floyd, supra,* further appears, when we contemplate the

situation here, with the will probated in this proceeding as an entirety, while if the former proceeding is successful, it will not be probated in whole or in part, presenting a condition which is not to be recognized. It could not be legally probated or defeated except as an entirety, unless some element of estoppel could intervene, as to which we express no opinion. It was, and could be but one case, and not two or more cases. It was in respect to the same will, and in fact and in law the same proceeding. There was at least but a defect of parties in the primary cause, and that defect may be waived. *Thomas* v. *Wood* (1878), 61 Ind. 132. By his application for probate, appellee Roy Fehler virtually in effect became a proponent of the will, as against pending proceedings in resistance of probate. The effect was that there was a formal action in resistance of probate then pending which affected all persons in interest; the court's attention was specifically directed to it, and the order of admission to probate was improvidently made. It doubtless grew out of a misapprehension of the rule in the McGeath case. After appellant's objections were stricken out, the proceeding was *ex parte,* unless it could be said that by filing his application for probate, appellee Roy Fehler became a party to the original proceeding, but it is manifest that it was on the ground that he was not a party, that the court proceeded, and that the proceeding was treated as purely *ex parte.* It therefore stood as if appellant had not appeared at all beforehand, but, after the order of probate was entered, had made a showing of his interest, and asked that it be set aside as improvidently made, which he did, and in that motion fully disclosed the pendency of the main adversary proceeding, and all the facts in his petition for leave to file objections, and in the objections themselves. It was not essential that there be a motion for a new trial in an *ex parte* proceeding, as here, because there could

legally be no probate in that independent proceeding, for the cogent reason that appellant as a plaintiff in the original complaint in resistance of probate, had an action then pending in resistance of probate, and the motion in effect was one to set aside an improvident order.

The judgment is reversed, with instructions to the court below to set aside the order admitting the will of Catherine Faylor to probate, and the order probating the same, and for further proceedings not inconsistent with this opinion.

Note.—Reported in 104 N. E. 22. As to who is in a position to contest a will, see 130 Am. St. 186.