**BUCHANAN et al. v. DAVIS et al.** (Motion Nos. 8423, 8437; No. 1145—5099.)

Commission of Appeals of Texas, Section A. March 27, 1929.

For original opinion, see 12 S.W.(2d) 978, which affirmed the judgment in 300 S. W. 985.

Robert Thompson and C. F. Greenwood, both of Dallas, John B. Howard, of El Paso, and Black & Graves, of Austin, for plaintiffs in error.

Coates & Mastin, of Fort Worth, and Phillips, Townsend & Phillips, of Dallas, for defendants in error.

NICKELS, J. Each of the two groups of plaintiffs in error has filed motion for rehearing. Therein attention is called to statement in the original opinion (Tex. Com. App.) 12 S.W.(2d) 978, that Clyde Buchanan is "one of the second group of children," earlier described. The statement is erroneous. Clyde Buchanan is a son of W. M. Buchanan and stepson of testatrix. But, in our opinion, the error, in statement, has sole relation to weight of evidence, a matter not before us.

█ Counsel say that they "cannot understand" how we "reached the conclusion" that W. M. Buchanan's statement to the effect that "Clyde * * * was willed $25.00 just to get by * * * I willed Clyde $25.00 to just get by," according to the testimony of Mrs. Tennie Buchanan, "had reference to a bequest in Mrs. Buchanan's will." Our conclusion was drawn from this testimony of Mrs. Tennie Buchanan:

"I had a conversation with Mr. Buchanan about the provisions in the will. He said Clyde Buchanan was willed $25.00 just to get by, *speaking of Mrs. Ophelia Buchanan's will.*" (Cross-examination) "I was not asked yesterday on the stand about Mr. Buchanan telling me that his wife had given Clyde $25.00 to get by, they didn't ask me about it. He said 'I willed Clyde $25.00 to just get by.' I suppose that was in the will."

It may be that our statement that "this had reference to a bequest in Mrs. Buchanan's will" is erroneous to the extent that it may imply that Mr. Buchanan's declaration, attributed to him by Mrs. Tennie Buchanan, could not have had reference to his own will. It is manifest, however, that Mrs. Tennie Buchanan's testimony will bear the interpretation which we gave it; and to the extent that it is ambiguous and susceptible to a different interpretation its applied meaning is primarily for the jury.

█ Complaint is made that we did not point out evidence in the record which might have the effect of disputing or qualifying testimonial declarations which we did state. In this complaint, however, there is an ignoring of the nature of the case presented in the Supreme Court. The question to which the complaint has reference is not that of weight or preponderance of evidence, but it is that of lack or presence of any evidence, of more than "scintilla" quantum, to support the verdict finding undue influence. Obviously, on that question, the record must be taken in the aspect most favorable to the verdict. Obviously, too, ordinary questions of credibility of witnesses is beyond our rightful concern.

█ Plaintiffs in error insist there is no evidence raising the issue of lack of testamentary capacity. We did not hold there was; on that matter we did not express or imply a conclusion. Consideration of that question was not and is not now important, because a finding of undue influence, on evidence to support it, is sufficient for the judgment. The "mental state" to which we made reference is a thing different from testamentary incapacity.

Other matters are presented in the motions. Those matters were considered originally;

upon re-examination, we adhere to the views formerly expressed.

. Accordingly, we recommend that the motions for rehearing be overruled.